The Honorable George Hopkins State Senator P.O. Box 913 Bank of Malvern, Suite 10 Malvern, Arkansas 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on two questions concerning some bonds issued in Hot Springs, Arkansas to finance the "Hot Springs Mountain Tower, Mid-America Amphitheater and the Hill Wheatley Plaza". You have forwarded a letter from a Garland County Justice of the Peace which poses the two questions. Specifically, the letter notes that the bonds were issued in a period between 1981 and 1983 and were never approved by a public vote. The letter then notes that the bonds are now being paid for by hotel restaurant taxes collected under Hot Springs Ordinance No. 4002 passed in 1989. The letter then stresses again that there has never been a vote by the public to approve the payment of these bond obligations from the "new tax law".
The letter then cites A.C.A. 14-164-326 for the proposition that hotel and restaurant taxes can not be pledged to bonds unless the pledge or the issuance of the bonds has been approved by a public vote. The letter then poses two questions as follows:
 1. Do the citizens of Hot Springs have the right to vote their approval, or disapproval of these bonds?
 2. If the answer to question 1 is yes, must the city of Hot Springs call for a vote on these bonds?
Our research into the matter has yielded additional pertinent information. The original bonds have been supplanted by refunding bonds. These refunding bonds were issued in 1988. At some point a class action lawsuit was filed challenging the hotel and restaurant tax imposed in Hot Springs in part on the basis that the portion of the statute which authorized the 3% tax, (A.C.A. 26-75-602) was special and local legislation. Presumably due to this lawsuit, the legislature amended 26-75-602 so as to remove the constitutional problem. After the statutory amendment, the City of Hot Springs enacted ordinance No. 4002 which levied a 3% hotel and restaurant tax and created an Advertising and Promotion Commission, all as authorized by 26-75-601 et seq. Of course, the City already had a hotel and restaurant tax and an Advertising and Promotion Commission, but ostensibly acted so as to remove any doubt arising about the tax enacted under the old allegedly unconstitutional statute.
The class action lawsuit was settled in 1989 and the settlement is contained in an "Order Approving Settlement of Class Action and Judgment", of the Garland County Chancery Court, Case No. 88-1313, August 30, 1989. It is my opinion that the questions presented in your request are too intimately intertwined with this litigation for this office to opine on the matter. The order of the court specifically mentions the refunding bonds and notes that the parties to the lawsuit acknowledge that the revenues produced by the hotel and restaurant tax are pledged to secure these bonds. See order, at 3-4. The resolution of these questions would, at least to some degree, involve the construction of a settlement agreement entered into by the parties to that lawsuit and approved by the court. These issues are thus more properly addressed in that forum.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb